**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blaine Harrington,<br><br>        Plaintiff,<br><br>v.<br><br>Ink Army, et al.,<br><br>        Defendants. | No. CV-18-02310-PHX-RCC<br><br>**ORDER** |

      Pending before the Court is Defendants' motion to dismiss for lack of service. Doc. 21. For the following reasons, this Court shall deny the motion.

      On July 23, 2018, Plaintiff filed a complaint with this Court. Doc. 1. Under Rule 4 of the Federal Rules of Civil Procedure, Plaintiff had 90 days from the date he filed the complaint to complete service, which would have been October 22, 2018. On October 9, 2018, this Court issued an order stating that Plaintiff had until October 24, 2018 to complete service. Doc. 18. On October 28, 2018, Plaintiff filed a notice stating that he completed service. Doc. 20. On November 8, 2018, Defendants filed the pending motion to dismiss arguing that Plaintiff has not completed service under Rule 4.

**Discussion**

      "A federal court is without personal jurisdiction over a defendant unless that defendant has been served in accordance with Fed.R.Civ.P. 4." 504 F.3d 1130, 1138. Rule 4(e) states:

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
**(2)** doing any of the following:
**(A)** delivering a copy of the summons and of the complaint to the individual personally;
**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4. Rule 4(h) states:

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
**(1)** in a judicial district of the United States:
**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
**(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Plaintiff claims that he completed service on October 18, 2018 when he hired Elizabeth Deal and she sent copies of the complaint and summons to Defendants via United States Postal Service Certified Mail. Doc. 22 at 3-4. Deal mailed the summons and complaint to the listed shipping address for Nick Sharp. The address was a private mailbox at a PostNet store. Receipt of the envelope was signed by a PostNet employee. Plaintiff claims that the employee served as an agent for Defendants but provides no support for this proposition. Plaintiff also argues that the "delivering" in Rule 4(e) includes certified mail but also provides no support for this proposition.

Simply put, Plaintiff has not completed service because he has failed to comply with either Rule 4(e) or 4(h). However, because Plaintiff has demonstrated good cause for the failure

– namely, Defendants appear to have attempted to avoid service, this Court will deny Defendants' motion. Specifically, Plaintiff has provided evidence that he hired a process server to visit Defendants' residence on three occasions and the process server noted there was "[c]lear avoidance" by Defendants. Doc. 22-8. Thus, this Court shall deny Defendants' motion and grant Plaintiff an additional 45 days to complete service.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is denied. Doc. 21.

**IT IS FURTHER ORDERED** that Plaintiff shall have an additional 45 days from the date of this order to complete service.

**IT IS FURTHER ORDERED** that Plaintiff's motion for alternative service is denied. Doc. 24. If Plaintiff fails to complete service within 30 days from the date of this order, he may refile his motion for alternative service.

Dated this 27th day of November, 2018.

Honorable Raner C. Collins
United States District Judge