Gregory B. Collins (#023154)
Seth T. Goertz (#031645)
KERCSMAR & FELTUS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gbc@kflawaz.com
stg@kflawaz.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blaine Harrington, a single man;<br><br>                Plaintiff,<br><br>v.<br><br>Ink Army, LLC, an Arizona limited liability company; Nicholas Sharp, a married man; Jane Doe Sharp, a married woman;<br><br>                Defendants. | Case No. 2:18-cv-02310-RCC<br><br>**ANSWER**<br><br>**(Demand for Jury Trial)** |

Defendants Ink Army, LLC, Nicholas Sharp, and Natalie Sharp (previously, Jane Doe Sharp) (Defendants, together, "Ink Army") respond to Plaintiff Blaine Harrington's ("Harrington") Complaint as follows:

**PARTIES**

1. The allegations of this paragraph do not relate to Ink Army and it is without knowledge or information to admit or deny these allegations.

2. Ink Army admits the allegations of this paragraph.

3. Ink Army admits the allegations of this paragraph.

4. Ink Army admits the allegations of this paragraph.

**JURISDICTION/VENUE**

5. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

6. Defendants admit that jurisdiction is appropriate here.

7. Defendants admit the allegations of this paragraph.

8. Defendants object to venue in Tucson, Arizona. None of the acts alleged in the Complaint occurred in Tucson. Defendants are residents of Maricopa County.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

9. The allegations of this paragraph do not relate to Ink Army and it is without knowledge or information to admit or deny these allegations.

10. The allegations of this paragraph do not relate to Ink Army and it is without knowledge or information to admit or deny these allegations.

11. The allegations of this paragraph do not relate to Ink Army and it is without knowledge or information to admit or deny these allegations.

12. Defendants admit that the picture identified in paragraph 11 of Plaintiff's Complaint was posted to inkarmy.com on or about October 10, 2015. Defendants deny the remaining allegations of this paragraph.

13. Defendants admit that the picture identified in paragraph 11 of Plaintiff's Complaint was posted to inkarmy.com on or about October 10, 2015. Defendants deny the remaining allegations of this paragraph.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief—Non-Infringement)**

14. Defendants incorporate by this reference their prior answers as if fully set forth here.

15. The allegations of this paragraph do not relate to Ink Army and it is without knowledge or information to admit or deny these allegations.

16. Paragraph 16 states a legal conclusion to which no answer is required.

17. Defendants admit that the picture identified in paragraph 11 of Plaintiff's Complaint was posted to inkarmy.com on or about October 10, 2015. Defendants deny the remaining allegations of this paragraph.

18. Defendants deny the allegations of this paragraph.

19. Defendants deny the allegations of this paragraph.

## JURY DEMAND

1. Ink Army demands a jury trial on all issues.

## AFFIRMATIVE DEFENSES

1. Defendants allege that the alleged copyright work was in the public domain and, therefore, it is not entitled to copyright protection.

2. Defendants allege that venue is improper in this district.

3. Plaintiff has failed to state a claim upon which relief can be granted.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claim for relief is barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107. Plaintiff has cited no commercial use of its product and fails to satisfy the four factor test required to show that the fair use doctrine does not apply.

6. The action is barred by the doctrine of Laches.

7. Plaintiff's action is barred by the doctrine of equitable estoppel.

8. Defendants' conduct, to the extent there was any on his internet network, was innocent, non-infringing, and not a willful infringement of copyright.

9. Plaintiff has and continues to engage in Copyright Misuse.

10. Plaintiff has acquiesced in any alleged copyright infringement.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants prays this Honorable Court for the following relief:

A. Dismissal of Plaintiff's Complaint with prejudice;

B. An order awarding Defendants their attorneys' fees and costs pursuant to the Copyright statute;

C.     For such further relief as the Court deems fair and just.

RESPECTFULLY SUBMITTED this 21th of December, 2018.

                                      KERCSMAR & FELTUS PLLC

                         By *s/Gregory B. Collins*
                              Gregory B. Collins
                              Seth T. Goertz
                              7150 East Camelback Road
                              Scottsdale, Arizona 85251
                              *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on December 21, 2018, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Bruce R. Heurlin
HEURLIN SHERLOCK
1636 N. Swan Road, Suite 200
Tucson, Arizona 85712-4096
BHeurlin@AZtoLawyers.com

David C. Deal
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
david@daviddeal.com

*Attorneys for Plaintiff*


*s/Patricia S. Werner*

Kercsmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001